UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence Scudieri, | ) |
| Plaintiff, | ) 2:16-cv-01988 JWS |
| vs. | ) ORDER AND OPINION |
| Chapman Chevrolet Chandler, LLC, | ) [Re: Motion at Docket 5] |
| Defendant. | ) |

## I. MOTION PRESENTED

At docket 5 defendant Chapman Chevrolet Chandler, LLC ("Chapman") moves for an order compelling arbitration of plaintiff's claims and dismissing this case pursuant to Section 4 of the Federal Arbitration Act ("FAA")[1] or, alternatively, staying judicial proceedings pending the outcome of arbitration pursuant to Section 3 of the FAA.[2] Plaintiff Terrence Scudieri ("Scudieri") opposes at docket 15. Chapman replies at docket 18. Oral argument was not requested and would not assist the court.

---

[1] 9 U.S.C. § 4.

[2] *Id.* § 3.

## II.  BACKGROUND

Chapman terminated Scudieri's employment as a finance manager in 2013. Scudieri alleges that Chapman violated the Americans with Disabilities Act ("ADA")[3] by discriminating against him in various ways on the basis of his disability.

When Scudieri began his employment, Chapman required him to sign a contract that contains a binding arbitration clause.[4]  The arbitration agreement is silent regarding the allocation of arbitration costs.  After Chapman filed the present motion to compel arbitration, Scudieri informed Chapman that he "did not have the resources to pay for an arbitrator," but he was willing to arbitrate his claims so long as Chapman paid the arbitration costs.[5]  Chapman responded by offering to split the first $5,000 of arbitration costs, pay the next $15,000, and then split the remainder.[6]  Scudieri has declined this offer.[7]

Scudieri's lawyer asserts that arbitrators in the Phoenix area charge approximately $500 per hour.[8]  Scudieri contends that he cannot afford to pay "even a modest amount for arbitration" because he is currently unemployed and relying on Social Security and his savings to survive.[9]  Scudieri argues that, if arbitration is ordered, his inability to pay the arbitrator's fees would effectively deny him an opportunity to vindicate his statutory rights under the ADA.[10]

---

[3] 42 U.S.C. § 12112(a).

[4] Doc. 5-1 at 2–3.

[5] Doc. 15-2 at 5.

[6] *Id.* at 7.

[7] Doc. 15 at 5.

[8] Doc. 15-2 at 3 ¶ 5.

[9] Doc. 15-1 at 3–4.

[10] Doc. 15 at 3.

### III.  STANDARD OF REVIEW

Neither party discusses the standard of review that a district court must apply when analyzing a motion to compel arbitration.  Because the court has not found any Ninth Circuit caselaw on point, it will apply the well-reasoned approach set out by the Third Circuit in *Guidotti v. Legal Helpers*.[11]  In *Guidotti*, the Third Circuit held that courts should analyze a motion to compel arbitration under either the Rule 12(b)(6) or the Rule 56 standard of review, depending on the circumstances.[12]  "'[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint), the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery.'"[13]  But if arbitrability is unapparent on the pleadings or the party opposing arbitration comes forth with sufficient "reliable evidence" to raise a fact question going to the validity of the arbitration agreement, the Rule 12(b)(6) standard is no longer appropriate.  In such cases the court should deny the motion to compel, allow the parties "'the opportunity to conduct limited discovery on the narrow issue concerning the validity' of the arbitration agreement,"[14] and then "entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard."[15]  Although the *Guidiotti* claimant's challenge to arbitrability concerned whether a valid

---

[11]716 F.3d 764 (3d Cir. 2013).

[12]*Id.* at 771–72.  *See also The O.N. Equity Sales Co. v. Thiers*, 590 F. Supp. 2d 1208, 1211 (D. Ariz. 2008) ("The standard the court applies in making the arbitrability determination is similar to the summary judgment standard, and the court should review the record to determine if the party opposing arbitration has raised any triable issue of fact.") (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).

[13]*Guidotti*, 716 F.3d at 773–74 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011) (internal quotation marks omitted)).

[14]*Id.* at 774 (quoting *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir. 2003)).

[15]*Id.* at 776.  *See also id.* at 775 n.6 ("The conversion of the standard for reviewing a motion to compel arbitration mirrors the process provided by Rule 12(d) for converting a motion to dismiss to a motion for summary judgment.").

agreement to arbitrate had been formed, the Third Circuit stated that the same standard of review applies where the party resisting arbitration contends that arbitration is prohibitively expensive.[16]

## IV.  DISCUSSION

Section 2 of the FAA "makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"[17]  Section 2's "saving clause" permits arbitration agreements "to be invalidated 'by generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."[18]  Scudieri argues that the arbitration agreement here should be invalidated on two distinct but related grounds: Arizona law's substantive unconscionability doctrine and the effective vindication doctrine of federal common law.

On one hand, Arizona's substantive unconscionability law "'concerns the actual terms of the contract and examines the relative fairness of the obligations assumed.' Factors showing substantive unconscionability include 'contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity.'"[19]

---

[16]*Id.* at 775 n.5 (citing *Green Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 90 (2000); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608–09 (3d Cir. 2002)).  "[A]ny time the court must make a finding to determine arbitrability, pre-arbitration discovery may be warranted."  *Id.*

[17]*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2).

[18]*Id.* at 339 (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

[19]*Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1055 (Ariz. Ct. App. 2005) (quoting *Maxwell v. Fid. Fin. Servs., Inc.*, 907 P.2d 51, 56–57 (Ariz. 1995)).

The effective vindication doctrine, on the other hand, is a "judge-made exception to the FAA"[20] that stands for the proposition that claims that arise under federal statutes may be arbitrated "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum."[21] In *Green Tree*, the claimant argued that the agreement's silence as to who pays arbitration costs created a risk that she would "be required to bear prohibitive arbitration costs" if arbitration were ordered.[22] The Court acknowledged that "[i]t may well be that the existence of large arbitration costs could preclude a litigant such as [the claimant] from effectively vindicating her federal statutory rights in the arbitral forum,"[23] but nonetheless rejected her argument, holding that she failed to meet her burden of submitting evidence which showed that she would likely incur such costs.[24] The Court specifically faulted the claimant for not submitting evidence of how other claimants had fared under the defendant's arbitration clause.[25]

These two doctrines are intertwined in this case because Scudieri's opposition relies on *Harrington*, where the Arizona Court of Appeals held that an arbitration agreement may be substantively unconscionable if it precludes the claimant from effectively vindicating his rights, as determined by the standards set out in *Green*

---

[20] *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013).

[21] *Green Tree*, 531 U.S. at 90 (internal quotation omitted). *See also Italian Colors*, 133 S. Ct. at 2310–11; *Mohamed v. Uber Techs., Inc.*, No. 15-16178, 2016 WL 4651409, at *7 (9th Cir. Sept. 7, 2016).

[22] *Green Tree*, 531 U.S. at 90.

[23] *Id.*

[24] *Id.* at 92.

[25] *Id.* at 90–91.

*Tree*.[26] Scudieri's substantive unconscionability argument thus turns on whether the arbitration agreement runs afoul of the effective vindication doctrine.[27]

Based on the standard of review articulated above, the court is unable to resolve the parties' dispute at this stage of the case. The court finds that Scudieri's declaration, which sets out his limited financial capacity, sufficiently raises questions of material fact that cannot be resolved on the pleadings, without the benefit of discovery.[28] Although Chapman has offered to pay some of the arbitration costs, the record does not indicate the amount Scudieri will likely have to pay.[29] The only information that can be derived from the arbitration agreement is that the arbitrator must be a retired Arizona Superior Court judge.[30] Limited discovery into Scudieri's ability to pay arbitration costs, the rates charged by retired Arizona Superior Court judges, and the approximate length of similar arbitration proceedings should allow the parties to develop an adequate record regarding the prohibitory nature of the arbitration costs.[31]

---

[26]*Harrington*, 119 P.3d at 1055.

[27]*See Kristian v. Comcast Corp.*, 446 F.3d 25, 63 (1st Cir. 2006) (state law unconscionability arguments redundant of federal effective vindication arguments).

[28]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment should not be entered against a party regarding a fact about which the party bears the burden of proof at trial unless he is given "adequate time for discovery."); *Blair*, 283 F.3d at 609 ("Without some discovery, albeit limited to the narrow issue of the estimated costs of arbitration and the claimant's ability to pay, it is not clear how a claimant could present information on the costs of arbitration as required by *Green Tree* and how the defendant could meet its burden to rebut the claimant's allegation that she cannot afford to share the cost.").

[29]Chapman concludes, without citation to any evidence, that this case will require a two-day arbitration and the most Scudieri would have to pay is $2,500. Doc. 18 at 3.

[30]Doc. 5-1 at 2.

[31]*Blair*, 283 F.3d at 610. *See also In re Sprint Premium Data Plan Mktg. & Sales Practices Litig.*, Civ. No. 11-2855, 2014 WL 202117, at *2 (D.N.J. Jan. 15, 2014) ("*Blair* established a test to determine whether a fee-splitting provision is prohibitive under *Green Tree*. The test consisted of two separate parts. First, a court must look at the projected costs that would apply according to the arbitration rules set forth in the agreement. Second, a court must look at the individual plaintiff's ability to pay the projected costs.") (citations omitted).

**V.  CONCLUSION**

Based on the preceding discussion, Defendant's motion at docket 5 is DENIED. Within fourteen (14) days from the date hereof, the parties shall provide the court with a proposed schedule for discovery limited to the matters discussed in this order.  If the parties are unable to agree upon such a schedule, they may request a status conference with the court.

DATED this 25th day of October 2016.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT