# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence Scudieri, | |
| Plaintiff, | 2:16-cv-01988 JWS |
| vs. | ORDER AND OPINION |
| Chapman Chevrolet Chandler, LLC, | [Re: Motion at Docket 24] |
| Defendant. | |

## I. MOTION PRESENTED

At docket 24 defendant Chapman Chevrolet Chandler, LLC ("Chapman") renews its motion to compel arbitration. Plaintiff Terrence Scudieri ("Scudieri") opposes at docket 26. Chapman replies at docket 27. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Chapman filed its first motion to compel arbitration at docket 5. The court denied it without prejudice on October 25, 2016, because Scudieri's declaration raised sufficient fact questions going to whether the cost of arbitration would be so expensive that ordering arbitration of the parties' dispute would prevent him from being able to vindicate his statutory rights.[1] The court ordered the parties to propose a schedule for

---

[1] Doc. 19.

-2-

limited pre-arbitration discovery and informed Chapman that it would entertain a renewed motion to compel arbitration after discovery concluded.

The parties submitted a joint report on November 8, 2016, that outlined a discovery schedule that would be completed by January 30, 2017.[2] The court approved the parties' schedule at docket 21. On January 4, 2017, Scudieri's counsel, Michael Zoldan ("Zoldan"), emailed Chapman's counsel, Susanne E. Ingold ("Ingold"), to inquire "about the possibility of foregoing the bifurcated discovery into the arbitration issue."[3] If Chapman was not interested in pursuing this possibility, Zoldan asked Ingold if they could "discuss scheduling depositions and written discovery according to [the parties'] November 8, 2016 report."[4] According to Zoldan, Ingold did not respond.[5]

After the window for pre-arbitration discovery closed without either party conducting any discovery, Scudieri filed a motion asking the court to set a Rule 16 conference. Scudieri asserted that the case should proceed in court because, without discovery, Chapman could not meet its burden of showing that the dispute is subject to arbitration.[6] In response, Chapman renewed its motion to compel arbitration.

---

[2]Doc. 21.

[3]Doc. 22-1 at 2.

[4]*Id.*

[5]Doc. 22 at 2.

[6]*Id.*

## III. STANDARD OF REVIEW

Courts analyze motions to compel arbitration under either the Rule 12(b)(6) or the Rule 56 standard of review, depending on the circumstances.[7] The court previously held that the Rule 12(b)(6) standard of review does not apply because Scudieri came forth with sufficient "reliable evidence" to raise a fact question going to the validity of the arbitration agreement.[8] Thus, Chapman's renewed motion to compel arbitration will be judged under the summary judgment standard.[9]

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[11] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12] However, summary judgment is appropriate "against a party who fails to make a showing sufficient to

---

[7]*Guidotti v. Legal Helpers*, 716 F.3d 764, 771–72 (3d Cir. 2013). *See also The O.N. Equity Sales Co. v. Thiers*, 590 F. Supp. 2d 1208, 1211 (D. Ariz. 2008) ("The standard the court applies in making the arbitrability determination is similar to the summary judgment standard, and the court should review the record to determine if the party opposing arbitration has raised any triable issue of fact.") (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).

[8]*Guidotti*, 716 F.3d at 774.

[9]*Id.* at 776. *See also id.* at 775 n.6 ("The conversion of the standard for reviewing a motion to compel arbitration mirrors the process provided by Rule 12(d) for converting a motion to dismiss to a motion for summary judgment.").

[10]Fed. R. Civ. P. 56(a).

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[12]*Id.*

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[13]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[14] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[15] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[16] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[17] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[18]

## IV. DISCUSSION

Chapman's renewed motion argues that Scudieri is unable to establish that he will likely incur prohibitively expensive arbitration costs because he squandered his

---

[13]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[14]*Id.* at 323.

[15]*Id.* at 323–25.

[16]*Anderson,* 477 U.S. at 248–49.

[17]*Id.* at 255.

[18]*Id.* at 248–49.

opportunity to take discovery. The court agrees. The only evidence that Scudieri points to in his opposition is the same declaration he submitted in opposition to Chapman's previous motion. But, as the court made clear in its previous order, Scudieri's declaration is sufficient to preclude a ruling on the pleadings, but insufficient by itself to satisfy Scudieri's ultimate burden of proving the prohibitive nature of the arbitration costs.[19] Scudieri's decision to forego discovery renders him unable to meet his burden.

In *Green Tree*, the Supreme Court held that a party resisting arbitration based on the assertion that the arbitration costs will be prohibitive must support this assertion with evidence showing "the actual costs and fees to which [it] would be subject in arbitration."[20] If "[t]he record reveals only the arbitration agreement's silence on the subject, . . . that fact alone is plainly insufficient to render it unenforceable."[21] Because Scudieri has no evidence showing the likely costs of arbitration, this case is factually indistinguishable from *Green Tree*.

//
//
//
//
//
//

---

[19] Doc. 19 at 6.

[20] *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 n.6 (2000).

[21] *Id.* at 91.

## V. CONCLUSION

Based on the preceding discussion, Defendant's motion at docket 24 is granted. Pursuant to 9 U.S.C. § 4, the court orders the parties to proceed to arbitration in accordance with the terms of their arbitration agreement. This case is dismissed.

DATED this 22nd day of May 2017.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT